IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES ALLEN MAR,**

           **Plaintiff,**

      **v.**                              CASE NO.  07-3005-SAC

**DOUG HOWSER,**
**et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Wabaunsee County Jail, Alma, Kansas (WCJ). Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which shows no balance in his inmate account when he arrived at the jail.

Plaintiff names as defendants the Sheriff, the Undersheriff, and a Deputy Sheriff of Wabaunsee County. Plaintiff alleges he arrived at the WCJ on December 6, 2006, as a pretrial detainee. He claims he has been denied access to medical treatment and medication for serious medical and mental conditions, and to a law library to assist in his defense. As factual support, he alleges he has been "previously diagnosed with several psychological disorders" and "prescribed several psychotropic medications as well as pain medications for other physical ailments." Plaintiff further alleges he suffers from "major depressive mood disorder, bi-polar disorders - right frontal brain impairment." He also alleges his condition "deteriorates without medication" and his daily activities are affected.

As Count 1, plaintiff claims he is being subjected to denial of

medical care for his conditions that amounts to cruel and unusual punishment. He also claims in conclusory fashion that there are "systemic deficiencies in staffing" or procedures" at the WCJ. He alleges all defendants have been informed of his need for medication, and have shown "deliberate indifference." As count 2, plaintiff claims his constitutional right of access to the courts is being denied. He alleges in support that the jail does not provide inmates access to a law library. Mr. Mar seeks money damages, as well as injunctive relief requiring the sheriff to provide immediate medical "treatment for previously diagnosed conditions," and access to law library and legal materials.

**SCREENING**

Because Mr. Mar is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO ADEQUATELY PLEAD EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff generally alleges he has sought relief through proper administrative grievance procedures at the jail, and his requests have been denied. He attaches exhibits to his complaint which include an "Inmate Request Form" dated December 14, 2006, requesting he "be put back on my anti-depressant medication - Welbutron," which he stated he had been taking for years, and his pain medications.

Defendant Lamb's reply was "Get me the doctor's name, address, phone number to see if I can get it refilled." Plaintiff alleges he has provided the "most recent California prison address" and the types and doses of medications he requires to Officer Lamb, who was to verify his need. He submits a "statement of facts" dated December 23, 2006, in which he complains that he has received no response. He also attaches a "Jail Inmate Grievance Form" dated December 22, 2006, in which he claimed he requires "psych meds and pain meds" previously prescribed by California state prison medical staff.

In the latter grievance, Mr. Mar also claimed he was being denied access to a law library to assist in his defense. With respect to his denial of access claim, he also exhibits an "Inmate Request Form" he submitted asking to go to the law library, with Officer Lamb responding the jail does not have a legal library.

Plaintiff's allegations and exhibits do not show that he has fully exhausted the administrative grievances available at the jail. He does not allege or show that he appealed the denial of any "grievance" filed by him. Nor does he state that no administrative appeal of grievances, for example to the Sheriff, is available. Moreover, it is not clear that plaintiff gave staff at the jail a reasonable time to respond to his grievances before filing this lawsuit. Plaintiff's exhibited "grievances" were submitted on December 22, 2006, and the complaint was executed 13 days later on January 4, 2007. Plaintiff does not inform the court as to any published time limits for responses to grievances by jail officials which elapsed without response. In fact, plaintiff alleges Officer Lamb requested information, which he then provided, and that Officer Lamb was using it to verify his medical needs. Thus, his

3

allegations do not indicate that his grievance was denied.

Plaintiff shall be given time to show that he has fully exhausted by stating whether or not appeals are available, and if they are, by providing copies of his administrative appeals of the grievances he exhibits.  He must also provide the court with the time limit in which his grievances were to be resolved, or state facts indicating he has provided the jail staff with sufficient opportunity to take care of his needs for medication.  If plaintiff fails to adequately respond within the time allotted by the court, this action may be dismissed without further notice.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

It is well-established that a prison inmate has a constitutional right of access to the courts.  However, to state a claim of denial of that right, the inmate must allege something more than that the prison's or jail's law library or other legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury."  Lewis v. Casey, 518 U.S. 343, 348, 350 (1996).  He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded.  Id. at 350, 353.  Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts."  Id. at 351, *citing* Bounds v. Smith, 430 U.S. 817, 830 (1977).  It follows that the inmate represented by counsel provided

4

by the State in a pending action is not entitled to a law library.

Plaintiff will be given time to supplement his complaint with additional facts to state a claim of denial of access. He is advised to provide information as to what court action or actions he is involved in, whether he is represented by an attorney, and how any of his cases have been actually impeded by the alleged inadequate access to legal materials.

**DENIAL OF MEDICAL TREATMENT AND MEDICATION**

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court recognized that the Eight Amendment's prohibition of cruel and unusual punishment applies to the inadequate provision of medical care to prison inmates[1]. Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). However, the Court held that only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment, so it follows a prisoner raising such a claim must allege facts showing "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 104, 106, *quoting* Gregg v. Georgia, 428 U.S. 153, 173 (1976); Miller, 948 F.2d at 1569. In Wilson v. Seiter, 501 U.S. 294 (1991), the Court explained that the Eighth Amendment's deliberate indifference standard under Estelle has two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials acted with a sufficiently culpable state of mind. Id. at

---

[1] The Due Process Clause of the Fourteenth Amendment applies to the conditions of confinement for pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 FN 16 (1979). Nevertheless, the Tenth Circuit has concluded that the standards of the Eighth Amendment govern such claims. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) *citing* McClendon v. City of Albuquerque, 79 F.3d 1014, 1022 (10th Cir. 1996).

297-298. With regard to the subjective component, "allegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent . . . diagnos[is]' simply fail to establish the requisite culpable state of mind." Id. at 299, 305. As the Supreme Court noted in Estelle, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-6.

At this point, plaintiff's allegations fail to state a constitutional claim in that they appear to amount to his disagreement with the manner and speed with which the WCJ is obtaining and providing medications based solely upon his statements that they are needed and were previously prescribed[2]. Plaintiff does not describe specific symptoms he has exhibited since arriving at the jail, which obviously required immediate medical attention and would have caused a lay person to have knowledge of his serious conditions. Nor does he claim that a doctor or nurse at the jail has prescribed medications, or that he has presented current, valid prescriptions to jail staff, which defendants are refusing to provide. Instead, he simply has stated that pre-existing psychological conditions require his regular and immediate treatment;[3] and very generally, that his conditions worsen and he is

---

[2] It has been reasoned in actions challenging an entire system of health care, that deliberate indifference to inmates' health needs may be shown by proving repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff; or by proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care. See Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980) *and cases cited therein*. Plaintiff certainly has provided no such factual allegations.

[3] Plaintiff repeatedly states he is an "active Coleman case member," but his being a member of a class action lawsuit apparently filed in the California courts regarding a California institution is not shown to be of any relevance in this action. Plaintiff claims he is under a "federal protection order,"

suffering.

Even though the medical conditions Mr. Mar claims he was previously diagnosed with could be sufficiently "serious" to meet the objective component of the deliberate indifference standard, his pleadings fail to allege facts suggesting that any of the defendants are acting with the state of mind required to meet the subjective or intent component of the standard. Plaintiff is in temporary pre-trial confinement in a county jail, and has demanded attention and medication for pre-existing conditions, based solely upon his statements regarding what he requires and that his requirements are immediate. If plaintiff was taking necessary medications immediately before his current confinement, he should be able and may reasonably be required by jail staff to provide the name and contact information of the doctor or doctors who prescribed those medications, or even to provide current prescriptions. In order to state sufficient facts in support of his Eighth Amendment claim, plaintiff must supplement his complaint with the information he provided to defendants including who diagnosed his serious conditions and prescribed the medications and when, and where and when those prescriptions were last provided before his confinement at WCF. In other words, plaintiff must state facts establishing that his current medical needs are sufficiently serious and defendants' failure to provide them within 2 weeks of his requests satisfy the subjective prong of the constitutional test for cruel

---

but no documentation or facts in support are provided. He also exhibits a responsive letter from a California law firm which apparently represented him in the California class action when he was a California inmate or parolee, explaining that they cannot help him with his claims against the Kansas jail. Again, no relevance to this action is made apparent.

and unusual punishment.

Plaintiff will be given thirty (30) days in which to cure the above deficiencies in his complaint.  If he fails to adequately respond within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies, failure to state a claim of denial of medical care, and failure to state a claim of denial of access.

**IT IS SO ORDERED**.

Dated this 18th day of January, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge